IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 5:21cr35-TKW

MARY ANN BROWN
_____/

## FACTUAL BASIS FOR GUILTY PLEA

The parties agree with the truthfulness of the following factual basis for Defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary.

The defendant is a user of methamphetamine and supplier to co-defendant Johnny Carr and others. In February 2021, Drug Enforcement Administration (DEA) agents obtained authorization to intercept communications from Carr's phone. Investigators learned that Carr regularly traveled to Beaumont, Texas to obtain methamphetamine from a source there. The defendant had a source of her own in Alabama and served as second source of supply to Carr. On at least one occasion she coordinated a purchase of methamphetamine from her source for Carr. On a second occasions, she attempted to purchase methamphetamine for Carr but was unable to do so. In both instances, the defendant purchased or attempted to purchase between one and two pounds of methamphetamine.

The defendant also accompanied Carr during some of his trips to Texas. DEA

FILED IN OPEN COURT THIS



3/16/22 kgc

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

1

investigators surveilled six trips to Beaumont, Texas between February and May 2021, in which intercepts indicated that Carr purchased methamphetamine from his source there. The defendant accompanied Carr on two of those trips. One of these trips occurred in March 2021 after the defendant was unable to obtain methamphetamine from her source in Alabama. During each trip Carr obtained approximately a kilogram of methamphetamine. Upon return from Texas, Carr would sell the methamphetamine to other drug customers, including the defendant and co-defendants Marcel Michaud, David Barron, and James Wilson. On at least one occasion the defendant and Carr drove back from Texas to her house, whereupon Carr immediately met with Barron at a gas station near the defendant's home and sold him two ounces of methamphetamine. Carr also kept the defendant apprised of the amount he was paying his source in Texas to compare prices with other sources.

On May 14, 2021, DEA investigators searched the defendant's home. Investigators found a small amount of methamphetamine in the defendant's pocket and a small amount in the master bedroom of the home. The defendant admitted that the methamphetamine belonged to her.

The events charged in the Superseding Indictment and described above occurred within the Northern District of Florida except where otherwise noted. The defendant admits that she conspired with Carr and others to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing methamphetamine. The defendant knew that the unlawful purpose of the conspiracy was to distribute

methamphetamine. The plan to distribute methamphetamine involved two or more people, including the defendant, Carr, Michaud, and Barron. The defendant knowingly agreed to join the conspiracy to distribute methamphetamine.

On April 25, 2008, the defendant was convicted of a serious drug felony, that is Possession of Methamphetamine with Intent to Distribute, for which she served a term of imprisonment of more than twelve months and was released on or about December 17, 2009, which was within fifteen years of commencement of the offense charged in Count One of the Superseding Indictment, that is September 1, 2019.

## ELEMENTS OF THE OFFENSE

The elements of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and a quantity of oxycodone, in violation of 21 U.S.C. § 846, as charged in **Count One**, are:

*First:* Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess methamphetamine and oxycodone;

*Second:* The defendant knew the unlawful purpose of the plan and willfully joined in it;

*Third:* The object of the unlawful plan was to possess with intent to distribute methamphetamine and oxycodone; and

*Fourth:* The defendant had been convicted of a serious drug felony – an offense described in 18 U.S.C. § 924(e)(2) for which the defendant

3

served a term of imprisonment of more than 12 months and the defendant's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

                    JASON R. COODY
                    United States Attorney

_____    _____
GARY PRINTY                         WALTER E. NARRAMORE
Attorney for Defendant           Assistant United States Attorney

_____    3/16/22
MARY ANN BROWN           Date
Defendant

3-16-22
Date

4